No. 28,397.

E. E. HAYES, *Appellant*, v. J. G. HART et al., *Appellees*.

(273 Pac. 433.)

Opinion filed January 12, 1929.

*J. E. Addington,* of Topeka, and *C. A. Leinbach,* of Onaga, for the appellant.
*John O. Morse,* of Mound City, and *John A. Hall,* of Pleasanton, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The appeal is from an order sustaining a demurrer to a petition on the ground several causes of action were improperly joined.

Hart traded to Hayes a stock of general merchandise and store fixtures priced at $4,000, and lots on which a store building stood priced at $2,000. Hayes traded to Hart a farm priced at $8,000, and crops, tools and live stock on the farm priced at $2,000. Hart also agreed to buy of Hayes hay, corn and poultry on the farm. The contract evidencing the transaction provided for deeds of real estate and bills of sale of personal property, and contained the following provisions:

"It is agreed between the parties hereto that final settlement of this agreement shall be made not later than August 1, 1926, same in cash, . . .

"It is further agreed that the ownership of the above mentioned land, crops, tools and live stock, now owned by said second party, shall remain in second party until full payments have been made and agreements completed by first party.

. . . . . . . . . . . . . . .

"Market price to be paid for corn, hay and poultry, and not to be removed from farm above mentioned until paid for in full.

. . . . . . . . . . . . . . .

"All papers, deeds, abstracts, relative to this agreement, shall be placed in escrow with E. D. Boyles."

The petition pleaded the contract, and alleged that Hart defaulted in payment of $2,000, the balance of the price of the farm; in payment of $2,000, the price of the crops, tools and live stock; and in payment of $576, the price of the corn, hay and poultry. The petition alleged that Hayes fully performed the contract on his side, and contained the following specific allegations: Hayes deposited his deed with Boyles; at Hart's solicitation, Boyles delivered the deed to Hart, who recorded it; Hart then fraudulently mortgaged the farm to Frederickson, who took the mortgage with full knowledge of the fraud. Frederickson was made a party. Mrs. Hart and Mrs. Frederickson were made nominal parties, as wives of Hart and Frederickson. Allen Gardner and his wife were made parties as agents of Hart in possession of the farm. The petition concluded with the following prayer:

"Wherefore, plaintiff prays judgment against the defendant, J. G. Hart, in the sum of $4,576, with interest thereon at the rate of six per cent per annum since the 15th day of June, 1926; plaintiff further prays judgment against all of said defendants canceling said deed and said mortgage; and plaintiff further prays that said money judgment be decreed to be a first and prior lien upon said lands, to wit: [description], and that said premises be ordered sold to satisfy said lien."

The form of the petition was the result of effort to comply with orders of the court relating to separate statement of causes of action. The substance of the petition was this: A personal money judgment was sought against Hart for nonperformance of the contract; a lien pursuant to reservation of title in the contract as security, and foreclosure of lien, were sought to enforce payment of the money judgment. The depositary was guilty of breach of duty in delivering the deed to Hart, Hart committed a fraud by accepting the deed, recording it, and mortgaging the land, and as an incident to enforcement of lien Hayes sought nullification of the consequences of the fraud. The result is, there was no misjoinder of causes of action, although defendants other than Hart were not interested in the first cause of action which laid the foundation for personal judgment against Hart:

"The plaintiff may unite several causes of action in the same petition, whether they be such as have been heretofore denominated legal or equitable, or both. But the causes of action so united must affect all the parties

to the action, except in actions to enforce mortgages or other liens." (R. S. 60-601.)

The second cause of action adopted the allegations contained in the first cause of action, pleaded the deposit and wrongful delivery of the deed, and pleaded the fraudulent mortgage to Frederickson. As indicated, the prayer of the petition was that the deed and mortgage be canceled. The third cause of action merely furnished a basis for barring the Gardners as tenants of Hart in possession. Defendants contend there was a misjoinder of causes of action because the first cause of action was inconsistent with the second. The argument is that title to the farm passed to Hart and he was entitled to the deed, or title did not pass to Hart. By suing for the consideration, Hayes elected that title did pass. By suing to cancel the deed, he elected that title did not pass. The argument misconstrues the petition. The prayer for lien and foreclosure of lien renounced title in Hayes, except for purpose of security, and what he desired was removal of obstruction to enforcement of security. He had a right to have the record purged of the wrongfully delivered deed and the fraudulent mortgage, and the only flaw in the petition, so far as the demurrer was concerned, was a purely technical one. The words "of record" should have been inserted in the prayer after the words "canceling said deed and mortgage." The omission did not confuse the plain theory of the action, and the court should have disregarded it.

The judgment of the district court is reversed, and the cause is remanded with direction to overrule the demurrer.